```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 09-61503-Civ-ZLOCH
                                   (08-60233-CR-ZLOCH)
                                   MAGISTRATE JUDGE P. A. WHITE

GLENDA JAMES-WILLIAMS,         :

        Movant,                :

v.                             :   REPORT OF
                                   MAGISTRATE JUDGE
UNITED STATES OF AMERICA,      :

        Respondent.            :
_____
```

## I. Introduction

This matter is before this Court on Glenda James-Williams motion to vacate pursuant to 28 U.S.C. §2255, attacking her conviction and sentence in case number 08-60233-CR-ZLOCH.

The Court has reviewed the motion, the government's response, the Presentence Investigation Report ("PSI"), and all pertinent portions of the underlying criminal file.

James-Williams raises four claims in her motion. In her first claim, James-Williams claims she was not properly represented by her attorney. She generally alleges that counsel asked for continuances because he was in trials with other clients. She also claims that counsel was not present at her meeting for the presentence investigation.

In her second claim, James-Williams claims that her attorney told her she was at a level 19 in the sentencing guidelines. She

1

also claims that counsel told her that she was facing a sentence of 24 months.

In her third claim, James-Williams claims that her sentence was improperly enhanced by two points based on an alleged inaccurate computation of the loss amount.  She contends that she was subject to a 14 point enhancement due to a loss calculated at $482,000.00, despite the fact that her plea agreement mentions a loss of $394,982.00.  She alleges that counsel never objected to these two points.

In her fourth claim, James-Williams clams that her sentence was improperly enhanced under the guidelines for vulnerable victims, number of victims and abuse of position.  She alleges that counsel never challenged the enhancement for vulnerable victims.

James-Williams does not allege that her plea was involuntary.  She does not allege that but for counsel's alleged errors she would not have pleaded guilty.  She merely requests a reduction in her sentence.

## II.  Facts and Procedural History

James-Williams was charged in a twelve count indictment with nine counts of theft by a bank employee and three counts of aggravated identity theft. [CR-DE# 1].  The charges were the result of James-Williams conduct as described in the Factual Proffer.[CR-DE# 27-1].  James-Williams, as an employee of Wachovia Bank, fraudulently initiated withdrawal of funds from the bank accounts of customers.  There were 10 individual victims in addition to Wachovia Bank.  According to the Factual Proffer James-Williams stole a total of $399,213.23 from the victims.

On January 14, 2009, James-Williams entered a plea agreement in which she pled guilty to one charge of theft by a bank employee. [CR-DE# 27]. The government withdrew the remaining charges. James-Williams understood that she faced a statutory maximum sentence of 30 years. She understood that a sentence would be imposed by the court after considering the Federal Sentencing Guidelines. The plea agreement contained a preliminary calculation of the guidelines sentence level. This calculation indicated that James-Williams offense level would be 23 and that the government would request a two level reduction based on her timely acceptance of personal responsibility. It was also agreed that the government would request an additional one level decrease if the offense level was 16 or higher. The parties did not agree on whether the sentencing guidelines should include the vulnerable victim aggravating factor. James-Williams further understood that she could be fined up to $1,000,000.00. She also agreed that the court would order restitution. As part of her plea agreement James-Williams agreed to waive her right to appeal under 18 U.S.C. § 3742.

James-Williams, through counsel, filed objections to the PSI contesting the enhancement based on vulnerable victims. [CR-DE# 39]. The government responded that James-Williams had targeted account holders who were vulnerable and outlined the circumstances evidencing the vulnerabilities of the individual victims. [CR-DE# 40].

James-Williams was adjudicated guilty and sentenced to 48 months imprisonment. [CR-DE# 41, 42] James-Williams did not appeal the conviction and sentence. However, on August 14, 2009, a letter was received from James-Williams requesting a reduction in her sentence. [CR-DE#50-1]. The court treated the letter as a Motion

3

for Sentence Reduction. [CR-DE# 50].  The motion was denied for lack of jurisdiction. [CR-DE# 50]

### III. Timeliness

James-Williams' conviction was entered on March 23, 2009.  The instant motion was filed on September 15, 2009.  The motion is timely.

### IV. Discussion

(1) Ineffective Assistance of Counsel

In James-Williams' first claim, she alleges that counsel was ineffective.  She alleges that counsel requested continuances and did not accompany her to the presentencing meeting with probation. She alleges that some documents she signed were given to her the day she was scheduled to be in court.  Wilson's claim of ineffective assistance of counsel will be reviewed under the standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984).

The United States Supreme Court clearly established the law governing such claims in Strickland.  Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have

been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id. In the context of a guilty plea, the second prong of the Strickland test requires a showing that but for counsel's errors, the movant would not have pleaded guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

As an initial consideration, James-Williams is not entitled to an evidentiary hearing on her claim of ineffective assistance of counsel.  At best James-Williams makes non-specific conclusory allegations of ineffective assistance of counsel.  Williams provides no specific factual allegations to support her claim. A hearing is not required on claims based on "unsupported generalizations." See Holmes v. U.S., 876 F.2d 1545, 1553 (11th Cir. 1989).

James-Williams makes no effort to explain how counsel's allegedly deficient performance resulted in any prejudice.  Quite simply there is no allegation of prejudice contained in the first claim.  James-Williams does not allege how any alleged deficiency prejudiced her.  She does not allege that but for the alleged errors she would not have pleaded guilty or that her sentence would have been lower.  In short James-Williams fails to set out a

5

sufficient claim of ineffective assistance of counsel.

In James-Williams second claim, she contends that her attorney told her she was at a level 19 in the sentencing guidelines. Again, James-Williams fails to allege prejudice. She does not allege that her plea was involuntary due to counsel's alleged misadvice, or that counsel alleged misadvice resulted in a higher sentence.

Furthermore, the plea agreement contradicts James-Williams claim. The plea agreement clearly indicates that her offense level was at least 20 with the potential to go to 22 if the court imposed the vulnerable victim enhancement. In addition, James-Williams agreed that any sentence up to the statutory maximum could be imposed. She understood that any estimate of the length of a sentence from her attorney is only a prediction and not a promise. Reliance on such an estimate does not render her plea involuntary. See <u>Johnson v. Massey</u>, 516 F.2d 1001, 1002 (5th Cir. 1975)(good faith but erroneous prediction of a sentence by a defendant's counsel does not render the guilty plea involuntary); <u>United States v. Lagrone</u>, 727 F.2d 1037, 1038 (11th Cir. 1984)("When a defendant pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel."); <u>United States v. Pease</u>, 240 F.3d 938, 940-41 (11th Cir. 2001)(rejecting argument by defendant sentenced as a career offender that his plea was not knowing and voluntary because he had relied on counsel's prediction that his potential sentence under the plea agreement would be anywhere from five to ten years); <u>United States v. Arvanitis</u>, 902 F.2d 489, 494-95 (7th Cir. 1990)(no ineffective assistance where claim based only on inaccurate prediction of sentence).

6

James-Williams third claim is that her sentence was enhanced based upon an incorrect calculation of the loss amount. This claim is refuted by the record. The court specifically noted that it did not accept the PSI calculation of loss amount for sentencing purposes. James-Williams had agreed to a 12 point enhancement based on a loss of $399,213.65 in the plea agreement. This is the enhancement used by the court in sentencing. Thus James-Williams claim is refuted by the record.

In the second part of James-Williams third claim she is contesting the amount of restitution ordered. This claim is not cognizable in a section 2255 motion. Claims not addressed to custody are not cognizable in motions filed under section 2255. See Mamone v. United States, 559 F.3d 1209 (11th Cir. 2009); see also Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997); Smullen v. U.S., 94 F.3d 20, 25-6 (1st Cir. 1996); United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995); United States v. Segler, 37 F.3d 1131, 1136-37 (5th Cir. 1994); United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990).

In her fourth claim, James-Williams contends that her sentence was improperly enhanced with two points for vulnerable victims, two points for number of victims and two points for abuse of a position of trust. She claims that her attorney did not argue against these points. Contrary to her assertion, her attorney did argue against the vulnerable victim enhancement by filing objections to that enhancement. Also, contrary to her assertion, she agreed in the plea agreement to the enhancement for number of victims and abuse of a position of trust. She cannot now complain that counsel failed to object to enhancements to which she agreed. Thus the fourth claim is without merit.

In none of James-Williams four claims does she allege that but for counsels alleged errors she would not have pleaded guilty and proceeded to trial, she also does not contend that her sentence was increased due to counsels alleged deficiencies.  Therefore, her claims of ineffective assistance of counsel are without merit both for failing to establish deficient performance and for failing to establish prejudice.

To the extent that James-Williams is simply challenging her sentence on the ground that the guidelines were not properly applied, her challenge is not cognizable in a section 2255 motion. Title 28, United States Code, Section 2255 provides the framework for reviewing a federal prisoner's sentence under four circumstances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>Richards v. United States</u>, 837 F.2d 965, 966 (11th Cir.1988).  Generally, only constitutional claims, jurisdictional claims and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable in a § 2255 motion for relief. See <u>United States v.. Addonizio</u>, 442 U.S. 178, 184-86, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

It is well settled that a claim that the guidelines were not properly applied cannot be raised in section 2255 motion where it was not raised on direct appeal, unless the alleged error

8

constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" <u>Burke v. United States</u>, 152 F.3d 1329, 1331 (11th Cir. 1998)(citing <u>Reed v. Farley</u>, 512 U.S. 339, 348, 114 S.Ct. 2291, 2297, 129 L.Ed.2d 277 (1994)(quoting <u>Hill v. United States</u>, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)); <u>see also</u> <u>U.S. v. Payne</u>, 99 F.3d 1273, 1281 (5th Cir. 1996) (claims that the guidelines were improperly applied are not cognizable under § 2255); <u>Graziano v. U.S.</u>, 83 F.3d 587, 590 (2d Cir. 1996)(absent a complete miscarriage of justice, claims that trial court improperly applied guidelines will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal); <u>Scott v. United States</u>, 997 F.2d 340, 341 (7th Cir. 1993) ("A claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum"); <u>Knight v. United States</u>, 37 F.3d 769, 773 (1st Cir.1994) (misapplication of Sentencing Guidelines not proper claim under § 2255); <u>United States v. Segler</u>, 37 F.3d 1131, 1134 (5th Cir.1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.").

Thus James-Williams can only obtain relief if there was a complete miscarriage of justice.  There was no miscarriage of justice in this case.  James-Williams pled guilty to the charges. Her plea was with the understanding that the court could impose a sentence up to 30 years.  James-Williams understood that the court would consider the guidelines in determining the appropriate sentence.  She agreed that her guideline sentence was subject to a two level increase for the number of victims and a two level increase for abuse of a position of trust.  She understood that it might also include a two level vulnerable victim enhancement.  Her

9

plea resolved a total of 12 counts as charged in the indictment. The sentence imposed was in the middle of the guidelines range. Under these circumstances there was not a complete miscarriage of justice.

Because James-Williams's claims of ineffective assistance are refuted by the record and without merit and her claims that the guidelines were not properly applied are not cognizable under § 2255 she is not entitled to relief.  These determinations are clear from the record and there is no need for an evidentiary hearing on these claims.

## V.  Conclusion

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 24th  day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Glenda James-Williams
     Reg. No. 77822-004
     FCC-Coleman (Low)
     Inmate Mail
     P.O. Box 1031
     Coleman, FL 33521

     Marc S. Anton
     Assistant United States Attorney
     United States Attorney's Office
     99 NE 4 Street, Suite 800
     Miami, FL 33132